GUSTAVUS D. DOWS *vs.* FANEUIL HALL INSURANCE
COMPANY.
SAME *vs.* TRADERS & MECHANICS' INSURANCE COMPANY.

Suffolk.   March 8, 1878. — September 3, 1879.   COLT & SOULE, JJ., absent·

SAME *vs.* MERCHANTS' INSURANCE COMPANY.

March 8, 1878; July 23. — September 3, 1879.

Three policies of insurance against loss or damage by fire were made upon a
stock in trade, described as contained in a certain building.  The first policy
provided that, if any property insured was "damaged by explosion from any
cause, this company is not liable unless fire ensues, and then for the loss or
damage by fire only."  The second policy provided that the company should
in no event be liable "for any damage caused by the explosion of gunpowder
on storage, or a steam-boiler, except so far as the property after the explo-
sion shall be destroyed by fire."  The third policy provided that the company
should not be liable "for any loss caused by the explosion of gunpowder or
any explosive substance, nor by lightning or explosions of any kind, unless
fire ensues, and then for the loss or damage by fire only, which loss shall be
determined by the value of the damaged property after the casualty by explo-
sion or lightning;" and also provided that, "if a building shall fall, except
as the result of a fire, all insurance on it or its contents shall immediately
cease and determine."  By a sudden combustion of inflammable gas an ex-
plosion took place in one of the upper stories of the building, blew outward
the larger portion of the walls on two sides, and caused the instantaneous fall
of the roof, the interior partitions and the contents of the rooms, including a
stove with a coal fire burning therein, in a mass of ruins upon the assured's
shop in the lower story; and, immediately after the explosion and fall, a fire,
kindled by the burning coals from the stove, broke out in the fallen ruins, and
destroyed his stock to the amount insured by all the policies. · *Held*, that each
insurer was liable for the injury to the plaintiff's goods by the fire which broke
out immediately after the destruction of the building.

GRAY, C. J.   These actions are brought upon three policies
of insurance, each of which insures the plaintiff against loss or
damage by fire " on his stock in trade as an apothecary, con-
tained in brick building situate 525 Washington Street corner
of LaGrange Street, Boston."

The evidence at the trial tended to show that, by a sudden
combustion of inflammable gas, brought into contact with some
burning substance, an explosion, accompanied by a flash of light
and a loud report, took place in one of the upper stories of the
building, which was of such force as to lift up the roof over the

rear part of the building, to blow outward the larger portion of the walls on the two sides next the streets, and to cause the instantaneous fall of the whole roof, the interior partitions and the contents of the rooms, including a stove with a coal fire burning therein, in a mass of ruins upon the plaintiff's shop in the lower story; and that, immediately after the explosion and fall, a fire, caused thereby, and kindled by the burning coals from the stove, broke out in the fallen ruins, and destroyed the plaintiff's stock to the amount insured by all the policies.

The explosion in the upper story having been caused by fire, the insurers, if no clause had been inserted restricting their liability for losses by explosion, would have been liable for the losses, whether by the explosion or by the subsequent fire, to the amount of the insurance. *Scripture* v. *Lowell Ins. Co.* 10 Cush. 356. The verdicts charged the defendants only with the destruction of goods by the fire which broke out immediately after the destruction of the building and before there had been opportunity to remove the goods. The description of the goods in the policies as " contained in brick building " does not prevent the insurers from being held liable for this loss. This point was adjudged in *Lewis* v. *Springfield Ins. Co.* 10 Gray, 159, which does not appear to have been brought to the notice of the court that decided *Nave* v. *Home Ins. Co.* 37 Misso. 430, cited for the defendants.

The rights of the parties depend upon the legal effect of the special clauses inserted in the several policies.

By the policy of the Faneuil Hall Insurance Company, " in case steam-power is used in or about the property insured, and the boiler shall burst, or any property insured is struck by lightning or damaged by explosion from any cause, this company is not liable unless fire ensues, and then for the loss or damage by fire only." If this clause had provided that the insurers should not be liable at all in case of explosion, they might not have been liable for a loss by the fire which the explosion brought into contact with the plaintiff's property. *St. John* v. *American Ins. Co.* 11 N. Y. 516. *Ins. Co.* v. *Tweed*, 7 Wall. 44. But the exemption in case of explosion, not being unqualified, but being restricted by the exception " unless fire ensues, and then for the loss or damage by fire only," while it affirms the exemp-

tion of the company from liability for loss in consequence of an explosion, in producing which loss fire has no part, clearly affirms its liability for loss by fire ensuing upon an explosion, whether the fire is kindled by the explosion itself or by any other cause. *Briggs* v. *North American Ins. Co.* 53 N. Y. 446.

Among the conditions upon which the policy of the Traders and Mechanics' Insurance Company is declared to be made and accepted is one that the company shall in no event be liable " for any damage caused by the explosion of gunpowder on storage, or a steam-boiler, except so far as the property after the explosion shall be destroyed by fire." The reasons already stated for the decision against the Faneuil Hall Insurance Company are applicable to this case also; and, as the clause does not in any degree restrict the liability of the insurers for explosion by any other cause than gunpowder or a steam-boiler, they would be liable under the general rule affirmed in *Scripture's case*, above cited.

The case of the Merchants' Insurance Company presents a more doubtful question, which has been submitted by the parties on briefs to the consideration of all the judges. The policy, besides providing that this company shall not be liable "for any loss caused by the explosion of gunpowder or any explosive substance, nor by lightning or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only, which loss shall be determined by the value of the damaged property after the casualty by explosion or lightning," contains this additional and distinct provision, which is not in either of the other policies: " If a building shall fall, except as the result of a fire, all insurance by this company on it or its contents shall immediately cease and determine."

The question is, whether this last provision is applicable to the facts of the case, and in the opinion of a majority of the judges it is not. The provision, being introduced by the insurers and for their benefit, is, by a familiar rule, to be construed in case of ambiguity most strongly against them. It appears to us to have had in view the case of a building falling by reason of inherent defects, or by the withdrawal of the necessary support, as by digging away the underlying or adjacent soil. It might perhaps include the case of a building thrown down by a storm

or flood or earthquake. But it would be construing this provision too liberally in favor of the insurers to hold it to include the case of the destruction of a building by an explosion within the building itself, and of a fire immediately ensuing upon and connected with such an explosion, the measure of the liability for which has been carefully and precisely defined in the previous provision of the policy.

The result is that in each case there must be

*Judgment on the verdict for the plaintiff.*

*B. F. Butler & D. B. Gove,* for the plaintiff.

*C. R. Train,* for the defendants in the first and third cases.

*D. S. Richardson,* for the defendant in the second case.