## LEONARD v. ORIENT INS. CO.

(Circuit Court of Appeals, Seventh Circuit. June 26, 1901.)

No. 781.

INSURANCE POLICY—CONSTRUCTION—EXPLOSION—FALLING WALLS.

A policy of insurance provided that the insurer should not be liable for explosion of any kind "unless fire ensues, and in that event for the damage from fire only," and "if any building or part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease." The building insured was separated from a mill by a blacksmith shop. The evidence showed that an explosion occurred in the mill, resulting in instant destruction of the mill and the blacksmith shop, and the tumbling down a few minutes later of a corner of the building insured. The fire which followed spread at once to the ruins of the mill and shop, and within two or three minutes, and possibly seconds, the fire appeared in the exposed part of the building. *Held*, that the insurance company was liable on the policy.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This is an action of assumpsit upon a policy of fire insurance issued by the Orient Insurance Company to Simeon E. Leonard, the plaintiff in error, upon a stock of seeds kept for sale in a six-story brick building, forty feet wide, fronting on Lake street, between Des Plaines and Union streets, and extending back about 170 feet to Pearl street on the east, in Chicago. The total insurance was $76,500; the total loss, $127,833.88. Suits are pending upon the other policies. The goods were destroyed mainly by fire, but partly by the falling of the northwest corner of the building in which they were kept. Next to that building on the west was a blacksmith shop, a frame building twenty feet wide, and next to that on the west was the New England Mill, consisting of a three-story frame in front, next to Lake street, and a brick structure some stories higher in the rear. The evidence showed, or tended to show, that at 4:45 o'clock p. m. of November 1, 1899, an explosion occurred in the mill, caused probably by ignition of mill dust, or dust powder, and resulting in the instant demolition of the mill and blacksmith shop, and the tumbling down, a few moments later, of the northwest corner of the seed store. The fire, which followed the explosion, spread at once to the ruins of the mill and shop, and within two or three minutes—probably within a few seconds—fire appeared in the exposed part of the store, to which in all probability it communicated from the outside, though it might have originated from a stove or from burning gas jets in the office

room on the ground floor. No witness testified to seeing unrestrained fire in the seed store before the falling of the corner of the building, and all the testimony touching the point tended to show that from the fall to the appearance of flame in that building there was a lapse of a few seconds, or minutes, as the witnesses more frequently but probably mistakenly expressed it. Following the explosion the air was full of dust and flame, which the strong wind blowing from the northwest, once the wall was down, doubtless carried into contact with the inflammable material in the store. The policy sued on insured "against all direct loss or damage by fire, except as [t]hereinafter provided." The exceptions pertinent here are as follows: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon. If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease." At the conclusion of the evidence offered by the plaintiff the court sustained the motion of the defendant for a peremptory instruction directing a verdict in its favor, and error is assigned upon that action. In explanation of the ruling the court said: "The case is one of very great importance. It is a question of interpretation that is not entirely covered by any authority I have found, and I have looked them over with some diligence, as called to my attention by your briefs. * * * I am well convinced that, unless you reject absolutely the condition contained in the 36th and 37th lines, there is no escape from the condition of the policy which declared it at an end,—the insurance at an end when the walls fall, except by fire. That the walls fell by the force of the explosion in the mill is the uncontradicted testimony. That being so, I can see no escape from the condition of the policy that there was no insurance upon the building at the instant the fire occurred which destroyed the property. I think there is no escape from the view that a verdict should be directed accordingly."

Henry W. Magee and Myron H. Beach, for plaintiff in error.
D. J. Schuyler, Thomas Bates, and Monroe Tulkerson, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

In Dows v. Insurance Co., 127 Mass. 346, where the action was upon fire policies containing a clause concerning explosions like that in the policy before us, it was said, on the authority of Scripture v. Insurance Co., 10 Cush. 356, 57 Am. Dec. 111, that, "the explosion in the upper story having been caused by fire, the insurers, if no clause had been inserted restricting their liability for losses by explosion, would have been liable for the losses, whether by the explosion or by the subsequent fire, to the amount of the insurance." One of the policies also contained the provision, "If a building shall fall, except as the result of fire, all insurance by this company on it or its contents shall immediately cease and determine," in respect to which it was said:

"The question is whether this last provision is applicable to the facts of the case, and, in the opinion of the majority of the judges, it is not. The provision, being introduced by the insurers and for their benefit, is, by a

familiar rule, to be construed, in case of ambiguity, most strongly against them. It appears to us to have had in view the case of a building falling by reason of inherent defects, or by the withdrawal of the necessary support, as by digging away the underlying or adjacent soil. It might, perhaps, include the case of a building thrown down by a storm or flood or earthquake. But it would be construing this provision too liberally in favor of the insurers to hold it to include the case of the destruction of a building by an explosion within the building itself, and of a fire immediately ensuing upon and connected with such an explosion, the measure of the liability for which has been carefully and precisely defined in the previous provisions of the policy."

The fact that in the present case the explosion occurred outside of the building in which the insured goods were kept cannot affect the liability of the insurer, if otherwise liable, for the loss by fire which immediately ensued. If there had been no fall of the building or of any part of it, and the flame attending or ensuing upon the explosion had reached the insured goods through an open door or window, liability under the policy for the loss would be beyond dispute. Is it to be said that there is no liability simply because the first effect of the explosion was to break a passageway into the building for the fire which in a few moments followed? Confessedly, there would be liability if the flame had entered through any opening, caused or not caused by the explosion, if no part of the building had fallen; but should there be no liability if a piece of glass falling from a window shattered by the explosion had given admission to the flame? The language of the contract is clear that if any part of the building shall fall, except as the result of fire, all insurance on building or contents "shall immediately cease." The words are surely, as they have been declared to be, "terse and expressive." They are unqualified and universal, admitting of neither interpretation nor construction, and, if applicable, it would seem, should be allowed their literal significance. It is not to be said that they are applicable, and yet not to be applied literally. It may not be said that "any part" of a building must be deemed to mean an important part, or such a part as might cause, or be supposed likely to cause, or at least to enhance the danger of, loss by fire. "It was competent for these parties to fix the terms of their agreement." Where they wrote and subscribed "any part," they must be presumed to have meant any part, great or small, if observable or readily discoverable. Even if it could be said that the part must be large enough to cause or to be likely to enter into the risk of loss by fire, the qualification could mean little, because conditions are readily supposable, and are not improbable, in which the fall of material of small weight or bulk would be enough to start a fire. Not much is necessary to overturn a stove or to scatter the fire of an open grate or hearth, and still less to ignite a match. If there had been a window on the west side of the building in question, the falling of a shutter or of a pane of glass would probably have been followed by the same loss to the plaintiff in error which ensued upon the falling of the corner of the building. On the theory of strict adherence to the meaning of plain words, these propositions cannot well be denied; and upon that theory the case of Kiesel & Co. v. Sun Ins. Office of London, 31 C. C. A. 515,

88 Fed. 243, is urged upon our attention in support of the ruling below. The case, however, is not in point. The policy there in suit contained the clauses now under consideration; but, there having been no explosion, the building fell, and the goods insured were burned, and the question was whether the fall was caused by the fire or by a gale of wind. It is perhaps worth while, however, to observe that the literal significance of the contract seems to have been departed from when it was said in the opinion that if the building "was on fire, and if it would have fallen by force of the wind if there had been no fire, then its fall could not be said to have been the result of the fire, and the defendant was not liable." Any question of non sequitur in the statement aside, it is certainly not inconsistent with the express terms of the contract that in such a case the insurer should be liable for the damage done before the fall occurs, though not caused by the fire. The insurance ceases only at the instant of the fall, and it follows, on a strict construction, that "the cause of the fall" can be the test of liability only from that instant. The case before us is one of destruction by fire, which immediately followed, and with propriety may be said to have been caused by, an explosion. Whether that explosion was caused by fire, it is not necessary for the present purpose to consider. See Briggs v. Insurance Co., 53 N. Y. 446, The liability of the insurance company for fire immediately ensuing upon an "explosion of any kind or lightning" was "carefully and precisely defined" in a clause devoted to the subject; and we agree with the opinion in Dows v. Insurance Co., supra, that the succeeding clause, whatever its construction when applicable, should not be deemed "to include cases of destruction by explosion and by fire ensuing upon and immediately connected therewith." In this way the two clauses may well stand together, neither interfering with the legitimate office of the other; while if the latter is to be applied and enforced according to its literal meaning in every case where by reason of an explosion or otherwise the building, or a part of it, falls just before or during a fire, which otherwise would be within the contract, it will lead to results which the parties to policies may not both be supposed to anticipate, and which the courts need not and should not approve. The judgment below is reversed, and the cause remanded, with direction to grant a new trial.