## B. ROTH TOOL CO. v. NEW AMSTERDAM CASUALTY CO.*

(Circuit Court of Appeals, Eighth Circuit.   March 31, 1908.)

No. 2,633.

1. INDEMNITY—RECOVERY OVER—CONCLUSIVENESS OF JUDGMENT—EXTENT OF ESTOPPEL—SCOPE OF ADJUDICATION.

When one who has a right to recover over is sued, the judgment regularly rendered against him is conclusive on the indemnitor, provided notice of the suit be given to the latter and full opportunity afforded him to defend, but, if the liability over is not as broad as the original liability, plaintiff, in the suit to recover over, if he relies on the adjudication made in the former case, must show that the very ground of liability against the indemnitor was found to exist and was necessarily adjudicated in the original suit, as the estoppel created by the first judgment cannot extend beyond the questions necessarily determined by it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indemnity, § 41.]

2. INSURANCE—EMPLOYER'S LIABILITY—CONCLUSIVENESS AS AGAINST INSURER OF JUDGMENT AGAINST INSURED—NOTICE OF SUIT—REFUSAL TO DEFEND.

Where an employer's liability policy contained a stipulation requiring notice of suit against the assured to recover damages by an employé to be immediately given to the insurer, and the latter expressly agreed to defend or settle it or otherwise satisfy the assured, the insurer's refusal to make a defense, after notice, because it disclaimed any liability for damages occasioned to the plaintiff, did not relieve the insurer from the conclusiveness of the judgment rendered in such action.

3. SAME—CONCLUSIVENESS OF JUDGMENT AS AGAINST INSURED—MUTUALITY OF ESTOPPEL.

Where an employer, on being sued for injury to an employé, vouched in an insurer on an employer's liability policy, which refused to defend because of alleged nonliability, the estoppel of the judgment recovered against the employer in such action operated mutually against both parties.

4. JUDGMENT—PLEADING AND EVIDENCE AS ESTOPPEL—IDENTITY OF ISSUES—EVIDENCE.

On the question whether the issues in a prior action by a servant against his master for injuries, in which judgment was rendered for the servant, were the same as those in an action by the master against an employer's liability company, to recover over against the latter, in which the judgment against the master was claimed to be res judicata, the pleadings, instructions, and verdict in the prior action were admissible to determine what was actually tried therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1823, 1823½.]

5. INSURANCE—EMPLOYER'S LIABILITY—PROMISSORY WARRANTY IN POLICY—USE OF "EXPLOSIVE."

Where a large metal tube filled with various metals and materials of an explosive and dangerous nature was exposed to the heat of a furnace on plaintiff's premises and actually exploded and injured an employé, such tube and its contents constituted an "explosive," within a warranty in an employer's liability policy insuring plaintiff that no explosives should be used on the premises.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2600.]

6. SAME—CONCLUSIVENESS AGAINST INSURED OF JUDGMENT FOR EMPLOYÉ—GROUND OF RECOVERY.

Plaintiff permitted H. to use its heating furnace for experiments.  H. filled a metal tube with other metals and explosive substances, sealed the

*Rehearing denied May 8, 1908.

tube, and placed the same in the furnace, where it was subjected to a hot fire. It exploded, injuring one of plaintiff's employés, who recovered a judgment against plaintiff on an allegation of negligence, in that plaintiff carelessly permitted such tube to be filled with metals of an explosive and dangerous nature and placed in a heating furnace, which caused it to explode, resulting in the injuries complained of. *Held,* that a judgment in favor of the servant on such issue was conclusive against plaintiff's right to recover over against an employer's liability company on a policy containing a warranty that plaintiff should not permit the·use of explosives on the premises, which action the liability company defended on the ground of plaintiff's breach of such warranty.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Ford W. Thompson (W. B. Thompson and Edward L. Gottschalk, on the brief), for plaintiff in error.

Lon O. Hocker (C. P. Ellerbe, L. R. Brokaw, and Jones, Jones & Davis, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

ADAMS, Circuit Judge. The casualty company issued its policy indemnifying the tool company against loss from common-law and statutory liability for damages on account of bodily injuries sustained by any of its employés while on duty. James M. Cameron, an employé, sued the tool company for damages sustained by him while in its employment and recovered a judgment for $3,500, which the tool company was required to pay and did pay. Afterwards the tool company brought the present action against the casualty company on its policy to recover the amount so paid to Cameron. The casualty company filed its answer, alleging that the assured had failed to keep and observe a promissory warranty which formed a part of the contract of indemnity, in this: that it permitted to be used on its premises certain explosives in violation of a stipulation contained in the policy that no explosives should be used on the premises. In its answer it pleaded the following facts as a breach of the warranty: That the assured, while carrying on a machine and blacksmith shop, permitted one Howe to make use of its tools and furnaces for the purpose of carrying on dangerous and hazardous investigations and experiments, and particularly to place in one of plaintiff's furnaces a certain iron tube filled with substances which were highly explosive and dangerous to life and limb when brought into contact with heat; that an explosion followed which caused the injury to Cameron. Defendant for further answer alleged that in the suit which Cameron brought against the assured the question whether Cameron was injured by the use of explosives on the premises was adjudicated and conclusively settled against the assured. The contract of indemnity sued on required the assured upon the occasion of any accident to give immediate notice thereof to the casualty company, and, in case of suit against the assured, the latter was required to immediately deliver to the casualty company a copy of the petition and summons, and the latter agreed to make the defense to the suit at its own cost or settle the

same, provided it did not elect to pay the limit of liability fixed in the contract. Pursuant to the obligation of the contract, the assured gave the required notice, and delivered a copy of the petition and summons to the casualty company. The casualty company, disclaiming any liability for the damages occasioned to Cameron, refused to assume the defense of that suit.

To sustain the issue of res adjudicata joined in this suit the casualty company offered in evidence the amended petition, the answer, the instructions of the court to the jury, and the judgment rendered in that suit. From this testimony offered and received it appears that Cameron charged in his petition as the act of negligence which caused his injury that the tool company carelessly caused and permitted to be constructed a large metal tube "and caused, and permitted the same to be filled with various metals and materials of an explosive and dangerous nature," and, when so filled, to be placed in a heating furnace in the machine shop of the defendant, and that as a result thereof the tube and contents exploded and injured him; that the tool company joined issue on that allegation of negligence; that the trial court at the trial instructed the jury as follows:

"If they find and believe from the evidence that on or about April 7, 1903, the defendant company permitted and invited one Howe to enter upon its premises where the plaintiff [Cameron] was working as a blacksmith in the service of the defendant, and to place within its furnace thereon a certain tube closed and sealed and filled with materials of an explosive nature and that said furnace at the time contained a hot fire, and if the jury further believe that the defendant knew or by the exercise of ordinary care could and should have known that said tube so closed and sealed, and so filled was likely in the natural course of events to explode when so placed in said furnace containing a hot fire, and if the jury further believe that said Howe upon such permission and invitation did place said tube so closed and sealed and so filled in said furnace then containing a hot fire, and that in consequence thereof said tube did explode, and that plaintiff as a direct and immediate consequence of said explosion and without any fault or negligence on his part contributing thereto was injured—then the jury will find for the plaintiff,"

—and that the converse of this proposition was given to the jury in favor of the defendant.

On these pleadings and instructions a verdict was found in favor of Cameron and against the tool company for $3,500, upon which judgment was finally entered and satisfied by the tool company. It is this judgment which is pleaded as res adjudicata of the issue involved in the present case, whether the tool company, the assured, committed a breach of its warranty not to use explosives on its premises. The Circuit Court, on a view of the pleadings, instructions, verdict, and judgment in the former case held that that judgment was conclusive as an estoppel against the plaintiff in this case, and directed a verdict for the defendant. The present proceeding in error challenges that action.

It is a well-settled general rule that, when one who has a right to recover over is sued, the judgment regularly rendered against him is conclusive upon the person liable over, provided notice of the suit be given to the latter and full opportunity afforded him to make defense. But, when the liability over is not as broad as the original lia-

bility, the plaintiff in the suit to recover over if he relies on the adjudication made in the former case must show that the very ground of liability against the indemnitor was found to exist and was necessarily adjudicated in the original suit. The estoppel created by the first judgment cannot extend beyond the questions necessarily determined by it. Washington Gas Co. v. Dist. of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; City of St. Joseph v. Union Ry. Co., 116 Mo. 636, 22 S. W. 794, 38 Am. St. Rep. 626. The contract of indemnity sued on in this case contains an express stipulation requiring notice of suit against the assured to recover damages by an employé to be immediately given to the casualty company and the latter company expressly agreed to defend or settle it or otherwise satisfy the assured. The refusal by the casualty company to make the defense makes no difference in the conclusiveness of the judgment rendered in the case.

Mr. Justice White in Washington Gas Co. v. Dist. of Columbia, supra, quoted with approval the language of other judges:

"When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon himself the defense of it, he is no longer regarded as a stranger, because he had the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not."

The casualty company was therefore concluded by the judgment rendered in the original case, provided the issue upon which the judgment was rendered was the same as that tendered in this case. The estoppel of such a judgment operates mutually. If the assured by vouching in the insurer concluded the latter by the judgment rendered in Cameron's case, by the most obvious and natural justice it concluded itself likewise. We find ourselves, therefore, limited to a consideration of the identity of issues in the original case and the present one. If the issue upon which the original judgment was rendered was the same as that presented in this case, that judgment concludes the plaintiff in this case, and no error was committed in directing a verdict for the defendant.

The stress of the argument of learned counsel for the tool company is that it does not appear that the issues presented in the two cases are the same. After a careful consideration of the pleadings, instructions, verdict, and judgment in the former case in comparison with the single issue presented in this case, we entertain no doubt of the substantial identity of the issues presented in the cases. Brushing aside unnecessary verbiage, the issue in this case is whether the tool company committed a breach of its warranty that it would not use explosives on its premises. Whether it was using such an explosive at the time Cameron was injured was the very issue tendered, met, and tried in the former suit. This clearly appears by the pleadings, the instructions to the jury, and the verdict in that case. These were properly introduced in evidence to determine what was actually tried. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; De Sollar v. Hanscome, 158

U. S. 216, 221, 15 Sup. Ct. 816, 39 L. Ed. 956; Delaware, L. & W. R. Co. v. Kutter, 77 C. C. A. 315, 147 Fed. 51; City of St. Joseph v. Union Ry. Co., supra. This evidence disclosed that the issue tried was whether Howe was permitted to make use of the furnace and premises of the tool company at the time Cameron was injured to experiment with an explosive and whether he did so. The verdict and judgment rendered settled that issue between Cameron and the tool company in the affirmative, and that is the very issue involved in this case. It is futile to split hairs as to the technical meaning of the word "explosive." It was determined in the former case that the tool company had on its premises at the time Cameron was injured "a large metal tube filled with various metals and materials of an explosive and dangerous nature"; that the same was exposed to the heat of a furnace on the premises and actually exploded and injured Cameron. Without considering what else may be an explosive, the tube with its contents just described was clearly one within the obvious meaning of the policy in suit. It consisted of physical substances which were liable to explode and injure the employés of the tool company. This was the very agency for harm and damage which the casualty company did not insure against; and against which it exacted a warranty from the assured.

We find no occasion to dwell on the contention of the casualty company that Howe was not on the pay roll of the assured or that his agency in producing the injury to Cameron was such as exonerated the insurer from liability under the terms of its policy, or any of the other questions debated by counsel. The assured and insurer are both concluded by the judgment rendered in the first case on the vital issue involved in this case: Whether the assured committed a breach of its warranty.

We find no error in the proceedings in the Circuit Court, and its judgment is accordingly affirmed.