## WESTCHESTER FIRE INS. CO. OF NEW YORK v. CHESTER–CAMBRIDGE BANK & TRUST CO.

### No. 6217.

Circuit Court of Appeals, Third Circuit.

July 22, 1937.

Horace M. Schell, of Philadelphia, Pa., for appellant.

J. H. Ward Hinkson, of Chester, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment for the plaintiff entered on a directed verdict after consideration of points of law which had been reserved. The judgment is for $3,088.22, the amount agreed by the parties to be the extent of the damages suffered by the plaintiff for which defendant is liable, if it is liable at all.

The cause of action arose out of the following undisputed facts: The plaintiff is the holder of a mortgage on a certain piece of land with buildings erected thereon. The buildings were insured by the defendant. They are described in the policy as a "three story brick building with roof, and additions thereto, adjoining and communicating. * * *" The additions consist of two one story buildings in the rear of the main building which were used as a dance hall and kitchen respectively. The policy contains a mortgagee clause which entitled the plaintiff to recover thereon. It also contains the following provisions:

"Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring, * * *

"(g) by explosion or lightning, unless fire ensue, and in that event for loss or damage by fire only. * * *

"Fall of Building.

"If a building or any material thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease."

Due to an explosion or explosions of incendiary origin the additions were destroyed. A fire immediately ensued, causing damage to the main building which had not fallen as a result of the explosion. The rec-ord does not disclose the name of the person or persons responsible for this loss, but it is admitted that the plaintiff was not in any way implicated.

The plaintiff brought this suit to recover for the damage which resulted from the fire to the main building, but not for the damage to the additions caused by the explosion.

To escape liability, the defendant relies upon the provisions of the policy headed "Fall of Building," and contends that all liability ceased when the additions fell as a result of the explosion. It says that to allow recovery for the damage to the main building resulting from the fire would necessarily imply that the contract was severable.

But this does not necessarily follow. The loss here was covered by the provision relieving the insurer from loss occurring "by explosion or lightning, unless fire ensue," and in that event it was liable for loss caused by fire only. There would be no question about the liability for the loss of the insurance company in this case, were it not for the provision relieving the company of liability for loss "if a building or any material part thereof fall." Was it intended by this provision to relieve the insurer of liability for loss resulting from fire if the fall of the building was caused "by explosion or lightning"? We do not think it was. The provision dealing with the fall of a building was not intended to cover what had already been covered by the provision dealing with explosion or lightning. The insurance company was not liable for any loss or damage to a building or any material part thereof caused by explosion or lightning, including its fall, unless fire ensued. It was not intended to say in a provision almost immediately following that, if a building or any material part thereof fall as the result of an explosion or lightning, the company is not liable. But that is the effect of appellant's argument.

These two provisions were meant to stand side by side, "neither interfering with the legitimate office of the other," the one not covering what the other does, the one dealing specifically with loss caused by explosion and lightning and the other with loss resulting from the fall of a building caused by anything else than explosion or lightning such as inherent defects, the decay or withdrawal of necessary support, storm, flood or earthquake. Dows v. Faneuil Hall Insurance Co., 127 Mass. 346, 34 Am.

Rep. 384; John Davis & Co. v. Insurance Company of North America, 115 Mich. 382, 73 N.W. 393; Leonard v. Orient Insurance Co. (C.C.A.) 109 F. 286, 54 L.R.A. 706; Rossini v. St. Paul Fire & Marine Insurance Co., 182 Cal. 415, 188 P. 564.

The term "explosion" is a general term unlimited in its application and is not restricted to an "explosion inherent to the occupancy of the insured premises," as argued by the appellant. If there is any doubt or ambiguity in the conditions of a policy of insurance, they should be resolved against the insurer and in favor of the insured. Francis v. Prudential Insurance Co., 243 Pa. 380, 390, 90 A. 205; Carter v. Metropolitan Life Insurance Co., 264 Pa. 505, 508, 107 A. 847.

It follows that the defendant is liable for all of the damage to the insured premises that resulted from the fire following the explosion. There was no damage resulting from fire to the additions, for they were completely destroyed by the explosion. The main building, however, was damaged by fire, and the defendant is liable to the extent of the damage.

The judgment of the District Court is affirmed.