## BOWER v. ÆTNA INS. CO.

### No. 1004.

District Court, N. D. Texas,
Dallas Division.

May 1, 1944.

R. T. Bailey, of Dallas, Tex., for the motion.

J. L. Goggans and D. A. Frank, both of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiff declares upon a $25,000 policy of insurance against direct loss or damage by explosion. That the contract covered a house situated on Bordeaux Street, Dallas. That he was away. from his home from about December 1, 1941, to about January 8, 1942, and "upon his return he found that there had been an explosion, or explosions, of some kind by which some of the radiators connected to and constituting a part of the hot water circulating system, had been shattered, broken, and parts thereof had been hurled across rooms of said house and water had leaked out, or had been blown out therefrom and frozen upon the walls, floors, stairs and ceilings of said house, causing the damage, * * *. that the explosion, or explosions * * * were of a violent nature and were internal explosions from within outward, and hurling portions of said heating system away from and out of the said radiators and hurling portions of the iron of which it was composed, from two to fifteen feet across the room, or rooms in which the same were located, and that the origin of said explosion, or explosions, is unknown to plaintiff and he is unable to plead any more definitely the kind, character, cause or origin of said explosions or the force or forces causing said explosions, or how the same were produced, but alleges that the explosions which actually took place and caused the damages herein complained of were explosions within the meaning of the term explosion as used in the policy * * * and came within the purview of the contract, * * *."

The defendant moves to dismiss on the ground that it is not able to prepare its defense since the kind, character, cause and origin of the explosion are not pleaded by the plaintiff. Nor does the plaintiff tell what force, or forces, caused the explosion.

898

■

Under the terms of the policy, which is the contract between the parties, plaintiff was insured against loss or damages by explosion. The explosion which was excluded in the policy originally was taken out of the exclusion by a rider. That exclusion related to explosions that might occur from steam boilers, pipes and machinery connected therewith and operated thereby. The hot water heaters which the plaintiff claims exploded were, originally, excluded, but such exclusion was deleted, so that the contract covers exactly what happened.

There is no pleading which would indicate that the explosion was from steam. It can be easily inferred from the season of the year, and the presence of water and ice, and the absence of the family, that what happened is that the water in the radiators and pipes froze, and in the process of freezing, expanded so as to explode, or burst the pipes, and this resulted in the water damage. The plaintiff does not see fit to go that far in his pleading. He rests upon the words of the contract.

Such authorities as the court has been able to discover seem to agree that the word, "explosion," is variously used and is not one that admits of an exact definition and has no fixed and definite meaning, either in ordinary speech or in law. It seems to be a general term unlimited in its application. 35 Corpus Juris Secundum, p. 215. That authority, supported by citation, also observes that "its general characteristics may be described, but the exact facts which constitute what we call by that name, are not susceptible of such statement as will always distinguish the occurrence." It seems that the violence of the explosion and the vehemence of the report vary in intensity. An explosion is an idea of degree and the true meaning of the word in each particular case must be settled, not by any fixed standard, or accurate measurement, but by the common experience and notions of men in matters of that sort. It is also said that the term is to be construed in its popular sense and as understood by ordinary men.

In a broad sense it has been defined as meaning the act of exploding, bursting with a loud noise or detonation; a shattering by a sudden and intense pressure in distinction to rupture; a sudden bursting or breaking up or in pieces, from an internal or other force.

Authorities also cited make "explosion" synonymous with "bursting." 1 Bouv. Law Dict., Rawles Third Revision, p. 1161; 12 C.J.S. 760; Westchester Fire Ins. Co. v. Chester-Cambridge Bank & Trust Co., 3 Cir., 91 F.2d 609, 611; 15 Words and Phrases, Perm.Ed., p. 719.

Circuit Judge Adams, in B. Roth Tool Co. v. New Amsterdam Casualty Co., 8 Cir., 161 F. 709, 713, said that it was futile to split hairs as to the technical meaning of the word, "explosive." That observation was not directed upon a point similar to that here presented, but it is applicable in the sense that the plaintiff pleads circumstances, which, if established by testimony to be facts, would demand the submission of the issue to the jury as to whether what happened was the result of an explosion.

The application of a force from within the radiators which the radiators, or the pipes, could not resist, and burst, or exploded is apparently what happened. If "bursting" is synonymous with "exploding", then there would be liability. The trend of current thought being that bursting, as of a boiler, for instance, or a pipe, is commonly considered to be an explosion, must be read into the contract between the plaintiff and defendant, the plaintiff being entitled to a liberal construction of the policy which was written by the defendant.

The motion to dismiss must be overruled.