## Fifteen Twenty-Six v. American Eagle Fire Insurance Co.

*Elias Magil*, for plaintiff.

*White, Williams & Scott*, for defendant.

KUN, P. J., December 3, 1956.—Plaintiff has filed a motion to remove a compulsory nonsuit. The issue involved in this case was whether or not an "explosion" took place within the meaning of that term as em-

ployed in a fire insurance policy. The facts established in plaintiff's case were substantially as follows:

By reason of a mechanical failure in an air-conditioning system located on plaintiff's property, certain liquid freon entered a crankcase. If the system had been operating properly, the liquid freon would not have entered the crankcase. Liquid freon being incompressible, when it was struck by the piston in the crankcase, the piston broke and the force of the broken piston ruptured the wall of the crankcase. The liquid freon then expanded and changed to a gaseous state, and escaped through the hole in the crankcase. This process was accompanied by a loud noise.

An expert witness on behalf of plaintiff, one Antoine Martin, was asked whether in his opinion an explosion had taken place. At this point defendant's attorney produced a definition of the term, "explosion", contained in Bouvier's Law Dictionary, which is as follows: "A sudden and rapid combustion, causing violent expansion of the air, and accompanied by a report." The trial judge, therefore, limited the expert witness in answering the aforesaid question to the definition contained in Bouvier's Law Dictionary, as above quoted. On the basis of this definition, plaintiff's expert witness was unable to state that an explosion had taken place, since admittedly no combustion had occurred. Subsequently, the trial judge entered a nonsuit.

In its motion to remove the nonsuit, plaintiff makes two basic contentions. First, that the trial judge too narrowly limited plaintiff's expert as to the definition of an "explosion", and second, that under the facts contained in plaintiff's case, there was sufficient evidence as to the happening of an explosion to take the case to the jury.

Plaintiff's first contention is well taken. There are numerous other dictionary definitions of explosion

which do not limit the term explosion to a combustion-type explosion. Thus, in Black's Law Dictionary, Third Edition, 1944, we find the following as one of the definitions of explosion: "In the common acceptance of the term, it includes the sudden bursting or breaking up from an internal or other force, and is not limited to cases caused by combustion or fire." In The New Century Dictionary, 1944 Edition, explosion is defined as "the act of exploding", and one of the definitions of the term explode is "to burst, fly into pieces or break up violently with a loud report".

There are also a number of cases from other jurisdictions which recognize that an explosion need not necessarily be a combustion-type explosion. Among these are the following: Lever Bros. Co. v. Atlas Assurance Co., 131 F. 2d 770; Bower v. Aetna Insurance Co., 54 F. Supp. 897; L. L. Olds Seed Co. v. Commercial Union Assurance Co., Ltd., 179 F. 2d 472; Commercial Union Fire Insurance Co. v. Bank of Georgia, 197 F. 2d 455.

By reason of the foregoing authorities, we are convinced that the trial judge erred in limiting plaintiff's expert to a combustion-type explosion in his answer to the question as to whether or not an explosion took place. The only definition of "explosion" presented at the trial was that insisted by defendant's counsel. Had the attention of the court been directed to the other definitions noted, the trial judge would not have so limited plaintiff's expert witness.

While the applicability of the other definitions would still have to be resolved, it is clear that for this reason alone plaintiff's motion to remove the nonsuit must be granted. In view of this ruling, it is not necessary to consider plaintiff's second contention.

Plaintiff's motion to remove the nonsuit was properly granted.