The MILLERS MUTUAL FIRE INSUR-
ANCE COMPANY OF TEXAS et al.,
Appellants,

v.

Agnes SCHWARTZ et vir, Appellees.

No. 13317.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

Clinton G. Brown, San Antonio, for appellant.

David R. White, Uvalde, for appellee.

W. O. MURRAY, Chief Justice.

Appellees, Agnes Schwartz and her husband, Lee Schwartz, the owners of a store in Uvalde, Texas, instituted this suit against appellants, The Millers Mutual Fire Insurance Company of Texas and Millers Mutual Insurance Association of Illinois, seeking to recover upon two insurance policies issued by appellants, protecting appellees against loss by reason of explosion.

On the night of July 12, 1956, an accident occurred to appellees' store, which they alleged to be an explosion, and as a result of the accident the store was flooded with water and thereby damaged. The trial was before the court without a jury and resulted in judgment in appellees' favor in the sum of $531.56, from which judgment the insurance companies have prosecuted this appeal.

Appellants present but one point, to the effect that the court erred in rendering judgment for appellees because the incident which occurred at the store was not an explosion.

Sometime during the night of July 12, 1956, a hose became disconnected from a pipe and caused water to go all over appellees' store. The store was closed, no one was there during the night, and the condition was discovered the next morning when the store was opened. There was an air conditioner in the store and water circulated through it up to a cooling tower on the roof then back to the air conditioner. The hose that was fastened to the pipe was a part of this circulating system, and it was fastened by a clamp that could be tightened by turning a screw. When the store was closed on the night of July 12th, this union was in good shape and there was no leakage, but the next morning the tube and pipe were disconnected and water was all over the store. Some of the witnesses in describing what they found the next morning, stated that the hose was "blown off" of the pipe. There is a pump which causes the water to go up to the cooling tower, and one witness expressed the opinion that this pump built up the pressure in the pipe until it blew off

the hose. One witness said that, from the way it sprayed water all over the place, it must have come off suddenly. As no one was present when the accident happened, no one knew whether it made any noise when the hose was blown off.

The trial court found that there was an explosion, and the question is whether or not there is sufficient evidence to support the finding. We find many definitions of what is meant by an explosion. What was said by Judge Atwell in Bower v. Aetna Ins. Co., D.C., 54 F.Supp. 897, 898, covers the subject about as well as anything we have found. He said:

"Such authorities as the court has been able to discover seem to agree that the word, 'explosion,' is variously used and is not one that admits of an exact definition and has no fixed and definite meaning, either in ordinary speech or in law. It seems to be a general term unlimited in its application. 35 C.J.S. p. 215. That authority, supported by citation, also observes that 'its general characteristics may be described, but the exact facts which constitute what we call by that name, are not susceptible of such statement as will always distinguish the occurrence.' It seems that the violence of the explosion and the vehemence of the report vary in intensity. An explosion is an idea of degree and the true meaning of the word in each particular case must be settled, not by any fixed standard, or accurate measurement, but by the common experience and notions of men in matters of that sort. It is also said that the term is to be construed in its popular sense and as understood by ordinary men.

"In a broad sense it has been defined as meaning the act of exploding, bursting with a loud noise or detonation; a shattering by a sudden and intense pressure in distinction to rupture; a sudden bursting or breaking up or in pieces, from an internal or other force.

"Authorities also cited make 'explosion' synonymous with 'bursting.' 1 Bouv.Law Dict., Rawles Third Revision, p. 1161; 12 C.J.S. p. 760; Westchester Fire Ins. Co. v. Chester-Cambridge Bank & Trust Co., 3 Cir., 91 F. 2d 609, 611; 15 Words and Phrases, Perm.Ed., p. 719 [15A Words and Phrases, Explosion].

"Circuit Judge Adams, in B. Roth Tool Co. v. New Amsterdam Casualty Co., 8 Cir., 161 F. 709, 713, said that it was futile to split hairs as to the technical meaning of the word, 'explosive.' That observation was not directed upon a point similar to that here presented, but it is applicable in the sense that the plaintiff pleads circumstances, which, if established by testimony to be facts, would demand the submission of the issue to the jury as to whether what happened was the result of an explosion.

"The application of a force from within the radiators which the radiators, or the pipes, could not resist, and burst, or exploded is apparently what happened. If 'bursting' is synonymous with 'exploding', then there would be liability. The trend of current thought being that bursting, as of a boiler, for instance, or a pipe, is commonly considered to be an explosion, must be read into the contract between the plaintiff and defendant, the plaintiff being entitled to a liberal construction of the policy which was written by the defendant."

There was sufficient evidence to support the trial court's finding that there was an explosion. Crombie & Co. v. Employers' Fire Ins. Co., Tex.Civ.App., 250 S.W.2d 472; 22 Am.Jur. 126; 35 C.J.S. p. 216; Commercial Union Fire Ins. Co. of N. Y. v. Bank of Georgia, 5 Cir., 197 F.2d 453; Lever Bros. Co. v. Atlas Assur. Co. Ltd., 7 Cir., 131 F.2d 770.

The judgment is affirmed.

315

## On Motion for Rehearing.

We were in error in stating that this was a trial before a jury. The findings herein were made by the trial court.

Our original opinion has been withdrawn and a new opinion filed correcting this error.

We have carefully considered appellants' motion for a rehearing and the same is overruled.