WASHINGTON & BERKELEY BRIDGE CO. v. PENNSYLVANIA STEEL CO.

(Circuit Court of Appeals, Fourth Circuit. May 19, 1914.)

No. 1215.

1. INDEMNITY (§ 9*)—CONTRACTS—CONSTRUCTION—BUILDING CONTRACT.
A contract by which plaintiff company agreed to construct for defendant company the steel portion of a bridge for which defendant was general contractor, provided that plaintiff should indemnify defendant "against all liability of damage on account of accidents, whether occasioned by the omission or negligence of itself, its agents or its workmen or otherwise." *Held*, that the accidents referred to were those caused by the negligence of plaintiff or its servants or workmen, or for which it would for some other reason be responsible, and that the provi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sion could not be construed to cover accidents caused by the negligence of defendant or its servants or workmen.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17; Dec. Dig. § 9.*]

2. INDEMNITY (§ 14*)—JUDGMENT AGAINST INDEMNITEE—PERSONS CONCLUDED.
Plaintiff contracted to construct the steel superstructure of a bridge for which defendant was general contractor, to be placed on concrete piers provided by defendant. While doing the work, one of the piers fell, and an injured employé recovered a judgment against plaintiff. Plaintiff notified defendant of the pendency of the action, and that defendant would be held liable for any recovery therein. *Held*, that in an action over the judgment was conclusive against defendant only as to such matters as were necessary to the recovery of the workman against plaintiff, unless it appeared from the record that the negligence which rendered plaintiff liable was necessarily due to defendant's negligence in failing to provide a pier of sufficient strength, and that evidence was admissible on the part of defendant to show that plaintiff knew that the concrete of the pier had not yet hardened, and that it was negligent in the manner of placing the steel thereon.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; Alston G. Dayton, Judge.

Action at law by the Pennsylvania Steel Company against the Washington & Berkeley Bridge Company. Judgment for plaintiff, and defendant brings error. Reversed.

For opinion below, see 194 Fed. 1011.

Forrest W. Brown, of Charleston, W. Va., and Charles D. Wagaman, of Hagerstown, Md. (Brown & Brown, of Charleston, W. Va., and Wagaman & Wagaman, of Hagerstown, Md., on the brief), for plaintiff in error.

Henry H. Keedy, Jr., of Hagerstown, Md. (Lane & Keedy, of Hagerstown, Md., and Faulkner & Walker, of Martinsburg, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP and WOODS, Circuit Judges.

WOODS, Circuit Judge. This suit in which the Pennsylvania Steel Company recovered a judgment against the Washington & Berkeley Bridge Company for $15,192.66 arose in this way: The bridge company having undertaken to construct a bridge across the Potomac river near Williamsport, Md., contracted with the steel company to furnish and put in position the steel girder spans. Under a contract similar in terms, Elmore & Hamilton Contracting Company undertook to furnish the material and construct the concrete piers or abutments. Mason D. Pratt, as engineer, agreed with the bridge company to supervise, inspect, and take charge of the construction of the bridge as its representative. On December 16, 1908, pier No. 10 fell while the workmen of the steel company were placing on it the steel superstructure, killing some of its men and injuring others. Frank L. Benning, one of the workmen who was seriously injured, sued the steel company in the circuit court for Washington county, Md., claiming

damages for his injuries, on the allegation of negligence that the steel company knew or by the exercise of reasonable care could have known that the pier was "green, weak, defective, and of insufficient strength to carry the weight for which it was intended." The steel company gave the bridge company written notice of the pendency of the suit and of its intention to hold the bridge company responsible for any recovery in favor of Benning. Benning recovered judgment for $13,-500 against the steel company.

After paying the judgment the steel company brought this action alleging that it was the duty of the bridge company to see that the piers were safe for the placing of the steel superstructure, that the work was done under the direction of its engineer, and that the defendant knew, or by the exercise of reasonable care and caution could have known, that the pier was green, defective, and of insufficient strength to carry the weight, and that nevertheless the defendant authorized and directed the employés of the steel company to proceed with the work of placing the steel superstructure on pier 10. On this allegation of negligence the plaintiff asks for judgment against the defendant for the amount of the judgment in favor of Benning together with interest and costs.

There was a demurrer to the declaration, and it was stipulated by counsel that in passing upon it the District Judge might consider the entire record, including the contract and other evidence offered in the case of Benning against the steel company. The demurrer was overruled. On the trial, after all the evidence had been taken, plaintiff's demurrer to the evidence, in which the defendant joined, was sustained, and judgment was accordingly entered in favor of the plaintiff for the amount claimed.

[1] 1. The only ground argued by defendant's counsel, in support of the demurrer to the declaration, is that under the following clause of its contract the steel company as the party of the second part agreed to indemnify the bridge company as the party of the first part against all liability for accidents, including accidents due entirely to the negligence of the bridge company itself:

"As, according to the terms of the accompanying specifications, which form a part of this contract, the party of the second part is to indemnify the party of the first part against all liability of damage on account of accidents, whether occasioned by the omission or negligence of itself, its agents, or its workmen or otherwise during continuance of this agreement, it is hereby agreed that the party of the second part shall be promptly and duly notified in writing by the party of the first part of the bringing of any such suit or suits, and shall be given the privilege of assuming the sole defence thereof. The party of the second part is to pay all judgments recovered by reason of accidents in any such suit or suits against the party of the first part, including all legal costs, court expenses, and other like expenses."

The presumption is exceedingly strong against an undertaking by any one except an indemnity company to be responsible for the negligent acts of another. But no reasoning nor analysis is necessary to make plain that the phrase, "the omission or negligence of itself," means the omission or negligence of the person undertaking, that is, the steel company; and that the word, "otherwise," under the principle

of ejusdem generis, means accidents for which the steel company would for some other reason than that expressed be responsible.

2. The ground upon which the plaintiff's demurrer to the evidence was sustained is not stated in the order, and the matter will therefore require consideration in several aspects. The defendant contends that there was really no evidence before the jury tending to support the allegation of negligence, since the plaintiff offered nothing except the record including the testimony in the Benning case, and that that was introduced for the exclusive purpose of showing the identity of the cause of action in this case with that in the Benning case. It is true that the evidence in the Benning case was first offered and admitted for that limited purpose, although defendant's counsel insisted that it should be admitted for all purposes according to stipulation; but it appears from the following statement, made by the District Judge in the course of the trial without objection from counsel, that afterwards the evidence was considered as introduced for all purposes as if the witnesses were before the court testifying in this case:

"This testimony is being introduced to you, gentlemen of the jury, under stipulation of counsel. It is the testimony of both sides. The understanding is that such parts of it as the plaintiff desires to rely upon will be construed as its testimony, and such parts of it as the defendant relies upon will be considered as its testimony."

[2] 3. It is perfectly clear that plaintiff's demurrer to the evidence could not be sustained on the ground that a judgment in the case of Benning against the steel company was conclusive of the liability of the bridge company to the steel company under the notice to the bridge company that it would be held responsible for any recovery in favor of Benning. That judgment was conclusive as to all matters necessary to Benning's recovery—the negligence of the steel company as a proximate cause of the injury in failing to furnish Benning a reasonably safe place to work; the absence of contributory negligence on the part of Benning, and of any act of a stranger as an intervening cause of the injury; the correctness of the verdict as an estimate of the damages suffered by Benning. But under the general rule the judgment was not conclusive as to matters not necessary for Benning to prove as a condition of his recovery against the steel company. Note to Baltimore & O. R. Co. v. Howard County, 40 L. R. A. (N. S.) 1172.

The rule, however, extends the conclusiveness of such a judgment to this point: If the record in the Benning case had shown that the negligence of the steel company in failing to perform its nondelegable duty of using due care to provide a reasonably safe place for Benning to work was necessarily due solely to negligence of the bridge company in not exercising due care to furnish a pier strong enough to bear the superstructure, and could not have been due to any independent breach of duty on the part of the steel company, then the judgment in the Benning case would be conclusive of the actionable negligence of the bridge company and of its liability to the steel company. This is the principle upon which Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, and a number of other cases were decided.

The obligation of the bridge company to use due care to furnish the steel company with a pier strong enough to bear the superstructure is plain; it was necessarily implied in the contract between the parties, taken in connection with the presence of a supervising engineer representing the bridge company. But this obligation must be viewed in the light of the knowledge of the steel company that the pier would be unsafe until the cement had dried. The judgment in the Benning case therefore did not preclude the inquiry in this case whether the steel company ought to have known from what was said by the assistant engineer of the bridge company or otherwise that the pier in question was green and unsafe when the spans were placed thereon, and whether it did not negligently weaken the pier by the manner of placing the spans.

On this last point there was error in excluding the testimony offered by the defendant tending to show that the steel company used a battering ram to force the girder to its proper place on pier 10, and that such a process on a pier made of cement not fully dry was unsafe. This testimony, taken in connection with that introduced tending to show that the steel company had such warning as to require at least caution in placing the steel span on pier 10, was clearly competent on the issue as to who was responsible for the fall of the pier. The merits of the demurrer to the evidence should not be passed on by this court until the District Court has considered it in the light of this competent and material evidence of which the defendant did not have the benefit.

In this connection it seems well to say that the court is inclined to the view, though not deciding the point in anticipation, that counsel are in error in treating as controlling the statute of West Virginia construed in Barrett v. Raleigh Coal & Coke Co., 55 W. Va. 395, 47 S. E. 154, and other cases determining the effect and office of a demurrer to the evidence; and that under the principle laid down in Indianapolis, etc., R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898, and St. Louis, etc., Ry. Co. v. Vickers, 122 U. S. 360, 7 Sup. Ct. 1216, 30 L. Ed. 1161, in the federal courts the common-law rule as to the effect and office of a demurrer to the evidence must be applied as set out in Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879.

The judgment must be reversed, and the cause remanded for a new trial.

Reversed.