*Ames v. Snider*, 55 Ill. 498; *West Chicago Park Com'rs v. Riddle*, 151 Ill. App. 487.

The answer of defendant di Bernardino was, on the initiative of the chancellor, stricken from the files and the bill was dismissed as to the answering defendant for want of equity. Of this order no one is complaining.

The decree of the Superior Court sustaining the demurrer, striking the answer of the answering defendant from the files and dismissing the bill as amended for want of equity is affirmed.

*Affirmed.*

### Elizabeth Baxter, Appellee, v. Rothschild & Company, Appellant.

### Gen. No. 22,712.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917. Rehearing denied March 26, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Elizabeth Baxter, plaintiff, against Rothschild & Company, a corporation, defendant, to recover damages for personal injuries sustained by the plaintiff while a customer in the building wherein the defendant was carrying on a commercial business. From a judgment for plaintiff for $2,500, defendant appeals.

P. L. McARDLE and ZIMMERMAN & GARRETT, for appellant.

LE BOSKY & LEVINE and EDWARD MAHER, for appellee.

Baxter v. Rothschild & Co., 204 Ill. App. 346.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 856*—*when relation of servant and not of independent contractor exists.* Where a painting contractor in the performance of his contract in the interior of a building placed a heavy canvas on the floor in front of the elevators of the building to serve as a drop cloth, the building being at the time in possession and use of the defendant in its business, and a customer of the defendant tripped on the canvas in getting out of an elevator and was injured, *held* that such contractor was not an independent contractor but was a servant of the defendant and his negligence was that of the defendant, in an action to recover damages for such injuries.

2. ACCORD AND SATISFACTION, § 10*—*when question for jury.* In an action against several defendants to recover damages for injuries sustained by the plaintiff, where certain of the defendants were dismissed from the case upon payment by them to the plaintiff of a certain sum in consideration of the plaintiff giving them a covenant not to prosecute, *held* that the question whether this was an accord and satisfaction to and a release of all the defendants was properly left to the jury, and that they might properly find that the money received was an undertaking not to prosecute and was not in settlement of the case.

3. APPEAL AND ERROR, § 1542*—*when instruction on amount of recovery is not reversible error.* Where, after the jury in a personal injury action had retired, the court at their request · instructed them in writing that the *ad damnum* in the case was the lesser amount named in the additional counts instead of the greater amount named in the amended declaration, *held* that such instruction was not reversibly erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.