**Rothschild & Company for use of London Guarantee & Accident Company, Appellee, v. John Griffiths and George W. Griffiths, trading as John Griffiths & Son, Appellants.**

### Gen. No. 24,753.

1. JUDGMENT, § 502*—*when judgment against principal for negligence conclusive in action over against contractor.* The decision in an action by a person against a department store for personal injuries sustained by tripping on a canvas laid on the floor of the store by a painting subcontractor was conclusive, in an action by the department store against the contractor for indemnity for loss sustained by payment of the judgment, as to all matters decided, including the absence of contributory negligence, but was not conclusive as to the undecided question of negligence of the contractor, although he was a party.

2. NEGLIGENCE, § 46*—*when contractor liable over to owner of building against whom judgment was recovered.* The fact that a building was not in the possession of contractors at the time of an accident to a person due to tripping on a canvas placed on the floor of the building by subcontractors, but was in possession of the owner, will not relieve the contractors from liability under the building contract to reimburse the owner for a judgment paid to the injured person if the negligence which caused the accident is attributable to the contractors.

3. COVENANTS, § 3*—*effect of covenant not to sue on rights of third person.* The covenant of a person who was injured in a building, due to tripping on a canvas placed on the floor by subcontractors, not to prosecute the contractors, while binding between the parties, in no wise affected the liability of the contractors, if any, to respond in an "action over" for damages suffered by the owner due to payment of a judgment in favor of the injured person.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed April 7, 1919.

WINSTON, STRAWN & SHAW, for appellants; JOHN D. BLACK and FRANK H. TOWNER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. J. CANTY and E. J. McARDLE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendants were general contractors for the erection of a building for Rothschild & Company. The usee in the suit, the London Guarantee & Accident Company, was surety upon an indemnity bond. The affidavit of merits of defendants was on motion of appellee stricken, and as appellants elected to stand upon this affidavit the court proceeded as in case of default for want of a plea and assessed plaintiff's damages at $4,476.12 and gave judgment thereon, to reverse which judgment this appeal is prosecuted.

The points urged for reversal resolve themselves into one contention, viz.: that the court erred in striking the affidavit of defense and in proceeding to judgment as it did.

The following facts are not denied: That defendants were general contractors for Rothschild & Company in the construction of a building in which an accident occurred to one Elizabeth Baxter through the negligence of a painter, a subcontractor of defendants; that defendants gave a bond of indemnity against liability for accidents occurring through their negligence under the terms of the general contract; that in the *Baxter* suit for such negligence there was a judgment for $2,500 against Rothschild & Company in the Circuit Court of Cook County, which was affirmed on appeal to this court and a petition to the Supreme Court for a writ of certiorari for further review refused.

In the *Baxter* suit defendants were originally joined with Rothschild & Company as defendants. Before trial they bought their peace, received from Baxter a covenant not to sue and were thereupon dismissed out of the case. These are not disputed facts.

All the particulars in the *Baxter* suit will be found in the opinion of this court abstracted in 204 Ill. App. 346.

The negligence averred in the *Baxter* suit as the cause of the accident was that the painting contractor had laid a heavy canvas on the floor in front of elevators of the Rothschild Company to serve as a drop cloth. Baxter was descending from an upper to the main floor in an elevator furnished by the Rothschild Company for that purpose, and in stepping out of the elevator to the floor she tripped and fell upon an uneven, rough canvas in front of the elevator; one of her feet caught in a fold or loop of the canvas, throwing her to the floor and injuring her. In paragraphs 15-19, both inclusive, of the affidavit of defense, defendants deny that they maintained a canvas; that they were guilty of any negligence in laying the canvas; that they or their subcontractors contributed in any degree to the injuries of Baxter; that the amounts mentioned in paragraphs 28-34 of the amended statement of claim were expended by the Rothschild Company because of any negligence of defendants or of their subcontractors; and claim that the negligence of the Rothschild Company for which Baxter recovered judgment was the negligence of the Rothschild Company and not that of defendants or their subcontractors.

These averments presented a tryable issue; for it may be made to appear upon a trial that the unevenness and roughness of the canvas in front of the elevator may have been brought about not by the negligence of the painting contractor, but by some employee of the Rothschild Company, or that some other cause in no degree attributable to the defendants or their painting contractor may have intervened as the proximate cause of the condition which brought about the accident to Mrs. Baxter.

These matters defendants may, if they can, prove in exculpation of their alleged liability in this action. If the negligent act which resulted in the injury to Mrs. Baxter is not attributable in some way to the defendants, through their painting contractor or

otherwise, then there is no right of recovery in this action against defendants. These questions are, however, for the jury under proper instructions, or for the trial judge's determination if a trial by jury shall be waived, both parties in the first instance having demanded a jury trial.

The decision in the *Baxter* case, *supra,* is binding on defendants in this action as to all the matters in that suit adjudicated, including the fact upon which necessarily the judgment was predicated, that Elizabeth Baxter was in the exercise of due care for her safety at the time of the accident, and that she was not guilty of any negligence which contributed to the accident which befell her, as well as the correctness of the verdict as an estimate of damage suffered by Mrs. Baxter. The negligence of defendants was not a matter for determination in the *Baxter* suit; it therefore follows that in this suit that question is still open and must be maintained by plaintiff in the usual way before it can recover a judgment against defendants. *Washington & Berkeley Bridge Co. v. Pennsylvania Steel Co.,* 215 Fed. 32.

We cannot say from the record but that the judgment in the *Baxter* case may have rested upon the negligence of Rothschild & Company alone. Defendants in that matter are having their initial day in court in this proceeding, and it therefore becomes necessary to not only charge but prove that defendants were themselves, or someone acting for them was, guilty of the particular negligence which culminated in the accidental injury to Mrs. Baxter and the resulting judgment in compensation for her injuries.

While it is true that we held in the *Baxter* case that the building was not at the time of the accident in the possession of independent contractors, because Rothschild & Company was then engaged in operating its business therein, so that the general contractor possession rule did not apply, that would not relieve the

general contractor from liability under his building contract if the negligence which caused the accident to Mrs. Baxter was in law attributable to defendants. If plaintiff is entitled to recover, the judgment in the *Baxter* case will be evidence as to all matters necessary to a recovery in that case, although it will still be open to defendants to contest their responsibility for the negligence resulting in the injury to Mrs. Baxter.

*Sherman House Hotel Co. v. Butler St. Foundry & Iron Co.*, 168 Ill. App. 549, is a case on fact and principle akin to the one at bar. In that case the hotel company was mulcted in damages at the suit of a pedestrian injured by the negligence of its contractor, the defendant iron company, in taking down an iron balcony which was old, rusty and full of holes and which extended about 20 feet on Randolph street and about the same distance on Clark street and was about 20 feet above the sidewalk. The hotel company paid the judgment and sued the iron company to enforce the ultimate liability of the iron company for its negligence while in the employ of the hotel company, and it was held that the judgment in the original case was not *res adjudicata* as to the liability of the iron company in an "action over," notwithstanding it may have been a party to the original cause; it appearing that in the original cause the question of liability as between the defendants was not determined. Such is the condition of the record in the case at bar.

The covenant of Elizabeth Baxter, for a consideration, not to prosecute defendants in the suit against them and the Rothschild Company, while binding between the parties to the covenant, in no wise affected the liability of defendants, if any, to respond in an "action over" for damages suffered by Rothschild & Company in the Baxter suit. As between the parties to the instant case, the rights of all are the same as they would be had defendants not settled with Elizabeth Baxter.

For the errors indicated, the judgment of the Municipal Court is reversed and the cause is remanded for further proceedings in accord with the views above expressed.

*Reversed and remanded.*