**ROYAL INS. CO., Limited. v. ST. LOUIS–SAN FRANCISCO RY. CO.** *

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 5998.

1. **Insurance** &⇒616½—"Legal liability" of railroad for cotton burned held established by state court's judgment, as respects railroad's indemnity policy.

Under policy insuring railroad against "legal liability" for cotton carried by it and destroyed by fire, "legal liability" was established by judgment in state court holding carrier liable in action by shipper, of which action the insurer could, but did not, assume the defense, even though the railroad's counsel defended the state court action on the theory that the cotton had never come into the carrier's possession, and not on the theory, suggested by counsel for the insurance company, that a bill of lading, prepared, but not executed or delivered, exempted the carrier from liability for loss from fire; for the term "legal liability" in such a contract is a liability which courts of justice recognize and enforce as between parties litigant therein.

2. **Indemnity** &⇒14—Party liable over, with opportunity to defend, bound by judgment.

Where one liable over is notified of suit against the person primarily liable, and is given opportunity to defend, judgment therein is conclusive, against him, in the absence of fraud.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

---

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes'

*Rehearing denied November 12, 1923.

Action by the St. Louis-San Francisco Railway Company against the Royal Insurance Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

Ralph Randolph, of Dallas, Tex. (Eugene P. Locke and Locke & Locke, all of Dallas, Tex., on the brief), for plaintiff in error.

Ben Franklin, of Oklahoma City, Okl. (W. F. Evans, of St. Louis, Mo., and R. A. Kleinschmidt and Adelbert Brown, both of Oklahoma City, Okl., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. The question of merit presented by the record in this proceeding and the manner in which it arose may be stated as follows:

Plaintiff in error (hereinafter called the "insurance company"), for ample consideration, made and delivered to the receivers of the railway company (hereinafter called the "carrier") a blanket policy of insurance covering all loss which the carrier should sustain from fire for the period of one year from September 1, 1914, to September 1, 1915, on cotton carried during said period for which damage and loss by fire the carrier was legally liable. On the night of December 17, 1914, during the term of the contract, at Hugo, Okl., two freight cars containing 100 bales of cotton were destroyed by fire. This cotton was the property of a concern called the Blocker-Miller Company, of Honey Grove, Tex., designated as the owner. A demand having been made by the owner for its damages from the carrier, and refused by it, as directed by counsel for the insurance company, on the ground of nonliability of the carrier, an action was brought in a state district court of Oklahoma against the carrier by the owner to recover the loss sustained by the fire. This case was fully tried out in the state court, and resulted in a verdict and judgment in favor of the plaintiff, owner of the cotton, and against the carrier. The defense of the action in the state court, with the full knowledge, consent, and approval of the insurance company, was conducted by counsel for the carrier. After judgment in the trial court proceedings in error were prosecuted to the Supreme Court of the state, wherein the judgment of the trial court was in all things affirmed, and as a result the carrier was compelled to and, did pay and satisfy the judgment rendered against it in the state court.

Thereafter the insurance company denying all liability to the carrier under its policy of indemnity mentioned above, this action was instituted by the carrier to recover from the insurance company on its contract of indemnity, the amount it had been compelled to pay the owner as damages, to wit, $4,983.70, and as well for the money expended by the carrier in defending the action in the state court, $212.-39. This action is defended by the insurance company on the ground the carrier was under no "legal liability" to have paid said judgment of the owner, and would not have been maintained liable on the trial in the state court, if counsel representing the carrier had defended the action brought against it on right grounds, and on a theory of the

case counsel for the insurance company had advised and proposed to general counsel for the carrier. The theory of the proper defense, as held by counsel for the insurance company, was this: A stipulation of the policy of insurance reads, as follows:

"This insurance covers the legal liability of the assured as common carriers on all cotton received by them for transportation and attaches from the time of the receipt of the cotton by the assured and terminates on its delivery to the succeeding carrier or at destination."

A bill of lading was prepared by the carrier, but the same was neither presented to nor executed by the owner, nor delivered to the carrier, which bill of lading provides in part, as follows:

"No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto, by causes beyond its control, or by floods or by fire, or by quarantine, or by riots, strikes, or stoppage of labor, or by leakage, breakage, chafing, loss in weight, changes in weather, heat, frost, wet or decay, or from any cause, if it be necessary or is usual to carry such property upon open cars."

Hence it is the insistence of counsel for the insurance company, if counsel engaged by the carrier to defend it in the state court had seasonably interposed the defense of this stipulation found in the bill of lading, as against the owner in the action brought and prosecuted in the state court, it would have been determined that no "legal liability" rested on the carrier to pay the owner for loss of the cotton. On the contrary, it was the theory of counsel who made and conducted the defense in the state court that the cotton had never come into the possession of the carrier for transportation at the time of its loss by fire. Hence the liability sought to be enforced by the owner had not attached at the date of the fire, and there was no liability on the part of the carrier for the loss to the owner.

Again, it was the quite logical position taken in the defense of the case as made that any insistence upon the terms and conditions of the bill of lading must perforce of circumstances contain the admission on the part of the carrier the cotton had been received for transportation by the carrier prior to its loss, which admission would destroy the defense interposed. And as the bill of lading containing the stipulation exempting the carrier from loss by fire had neither been executed by the owner nor delivered to the carrier at the time of the loss, such stipulation therein could not be relied upon to bind the owner and exempt the carrier from liability.

The question presented on this record is: Under all the facts and circumstances was there a legal liability shown on the part of the carrier to pay the owner of the cotton for its loss by fire? This case below was submitted to and tried by the court on agreed facts without the intervention of a jury. The trial court found generally in favor of the plaintiff below, the carrier, and against the insurance company, that there was a "legal liability" shown on the part of the carrier to compensate the owner of the cotton; hence the insurance company became liable over to the carrier.

[1] Coming now to the consideration of this question, and conceding there is a distinction between "legal liability" in indemnity contracts,

such as the one involved in this action, and general contracts of indemnity from all loss, as pointed out by counsel for the insurance company in argument, yet we neither concede nor hold such distinction to be as broad and general as stated and urged by counsel for the insurance company in this case. As we understand the term "legal liability," in such contracts as is involved in this action, it is a liability which our courts of justice in this country recognize and enforce as between parties litigant therein. The very question put in issue, tried and determined in the action in the state court, was the "legal liability" of the carrier to the owner of the cotton. If there existed no legal liability of the carrier to the owner for the loss of the cotton by fire, it followed as a necessary sequence the insurance company is maintained liable for nothing, unless it should be for the expense of the carrier in making the defense. On the contrary, and as a necessary corollary to the foregoing proposition, if course of full, complete jurisdiction determine on a trial such "legal liability" did exist, this determination controls, regardless of the fact that it may be now insisted the determination made was wrong or erroneous in legal principle or unjust in conclusion; for a court possessing jurisdiction over the subject-matter of a cause and the parties thereto possesses the same power to reach a wrong or erroneous conclusion as to the law of a case, and make it binding upon the parties thereto until revised and reversed for error, as it does to enter a correct or right judgment or decree and bind the parties thereby. In this case the insurance company, which was liable over on its policy to the insured carrier for loss by fire for which the carrier was legally liable, was notified, as shown by the record, of the fact the fire had occurred and the consequent loss to the owner of the cotton, and, on being so notified, directed the carrier as follows:

"We wish the Frisco to return to Messrs. Blocker-Miller Company their claim disclaiming liability on the grounds that their bill of lading contract exempts the carrier from loss or damage by fire, except in case of negligence on the part of the carrier."

It was also notified of the institution of the action in the state court by the owner, and, being so notified, instructed as follows:

"Insurance company notified of the filing of suit by the Blocker-Miller Company against the railway company, and further notified they might take such steps in the matter for the protection of their interests as they saw fit."

And subsequently agreed as follows:

"We note that the matter has been referred to the legal department of the St. Louis & San Francisco Railroad Company with instructions to make the proper defense. This is entirely satisfactory to us, we being willing to abide by the efforts of the legal department of our assured, and will appreciate their keeping us advised from time to time as to developments."

The contention now made by the insurance company in defense of this action is not that a "legal liability" for the loss was not established by the judgment obtained in the state court, but is, if counsel representing the defense in the state court had interposed the clause above quoted from the bill of lading no judgment would have been obtained

against the carrier. To our minds, this contention cannot now avail the defense, and for many reasons.

[2] First, the judgment of the state court was obtained by the owner of the cotton against the carrier after a full, fair, and complete hearing, and this judgment, after full hearing and argument, was affirmed by the Supreme Court of the state. There is no charge of fraud or collusion between the carrier and its counsel and the owner of the cotton as to the conduct of the trial in the courts of the state. Neither, it may be said, is there any charge of neglect of duty on the part of counsel defending therein. The sole and only charge is: A defense suggested by counsel for the insurance company was not interposed. In our judgment, the rule, firmly established by many decisions of the Supreme and other courts of the country, as to the liability of one who is bound by law or contract to protect another from "legal liability," is bound by the result of litigation conducted in good faith to test such "legal liability," does not rest upon such flimsy basis as a charge or defense, "If you had tried the case properly, or interposed different defenses, you would not have been maintained liable," as excerpts from a few decisions controlling here will demonstrate. Thus, in Washington Gas Co. v. Dist. of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, Mr. Justice White, delivering the opinion of the court, said:

"As a deduction from the recognized right to recover over, it is settled that where one having such right is sued, the judgment rendered against him is conclusive upon the person liable over, provided notice be given to the latter, and full opportunity be afforded him to defend the action. * * * In both Chicago v. Robbins and Robbins v. Chicago, ubi supra, this court, after announcing the rule as to the liability over in the language already quoted, also held that where, in the first suit, proper notice was given to the party liable over, the first judgment would be conclusive against the latter in the action to recover over. In Boston v. Worthington and others, 10 Gray 496, 498, 499, the language of the court in Littleton v. Richardson, 34 N. H. 179, 187, was quoted and adopted: 'When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not.'

"In Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 144 N. Y. 663, 665, the rule is thus stated: 'It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record.'"

See, also, American Surety Co. v. Sandberg (D. C.) 225 Fed. 156; Burley v. Compagnie de Navigation Francaise, 194 Fed. 337, 115 C. C. A. 199; Campagnie de Navigation Francaise v. Burley (D. C.) 183 Fed. 168; Washington & Berkeley Bridge Co. v. Pennsylvania Steel Co., 215 Fed. 35, 131 C. C. A. 340; B. Roth Tool Co. v. New Amsterdam Casualty Co., 161 Fed. 712, 88 C. C. A. 569; Fidelity & Deposit

Co. v. Hardman, 132 La. 531, 61 South. 559; Kansas City, Memphis & Birmingham Railroad Co. v. Southern Railway News Co., 151 Mo. 373, 52 S. W. 205, 45 L. R. A. 380, 74 Am. St. Rep. 545, and many other cases.

The reason for the rule of liability over, as above stated, nowhere more plainly appears than it does from the record before us. Had counsel acting for the defense in the state court voluntarily abandoned the defense made in that case and pleaded and relied upon the condition quoted from the unexecuted and undelivered bill of lading, who knows or who could possibly state the trial court would have held it binding between the parties or operative as defense to the liability of the carrier? Altogether apart from the rule of inconsistent defenses in pleadings by pleading and reliance upon the exemption from liability contained in the bill of lading, such use of a bill of lading would have been a tacit admission the carrier had received the cotton for carriage, and thus the defense actually interposed and relied upon would have been obliterated. Again, knowing of the pendency of the action brought to declare the legal liability of the carrier, as the insurance company was bound by contract to pay and discharge the legal liability of the carrier, if any should be established therein, if counsel conducting the case did not conform the defense of the action as desired by those representing the insurance company, it was not only the right, but the duty of the insurance company to assume charge of the defense. Not only so, but, as shown by the record in this case, it was asked to assume the defense or participate therein, and counsel for the insurance company, as further shown from the record, did participate in the preparation of the brief in the Supreme Court, and did present to that court the defense upon which it attempts to rely to show no legal liability on the part of the carrier in this case.

The entire record considered, it must be held, a legal liability on the part of the insurance company to indemnify the carrier did exist, and was so established in this case as to bind the insurance company.

It follows the trial court committed no error, and the judgment is affirmed.